**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**JULIO C. RIVERO,**          :
                              :    Civil Action No. 18-9105 (ES)
      **Petitioner,**     :
                              :
    v.                       :    **MEMORANDUM OPINION**
                              :
**PATRICK NOGAN,**            :
                              :
      **Respondent.**     :
_____:

**SALAS, DISTRICT JUDGE**

It appearing that:

1. This matter is before the Court upon the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Julio C. Rivero ("Petitioner"). (D.E. No. 1, Petition ("Pet.")).

2. In his Petition challenging his 2011 state court conviction for carjacking, robbery, and other related offenses, Petitioner raises two grounds for relief:

> The jury instruction on the defense of intoxication deviates from the model charge, and, in doing so, it contradicts itself regarding the assignment of the burden of proof in respect to an intoxication defense. Petitioner was thus deprived of due process of law and a fair trial in violation of his sixth and fourteenth amendment rights under the U.S. constitution.
>
> The failure of counsel to obtain an expert on the issue of intoxication breached the representation required under the constitution, Amendment VI.

3. By his own admission, Petitioner only raised his jury instruction ground for relief to the trial court and the Appellate Division. He did not raise this issue to the New Jersey Supreme Court. (Pet. ¶ 9(g)(6)).

4. With regards to the ineffective assistance of counsel claim, it is not clear whether he raised it before each level of the state courts. Though Petitioner certainly raised this issue to the post-conviction relief ("PCR") court, as evidenced by the copy of the PCR petition he provided, it does not appear that he raised this issue to the Appellate Division and New Jersey Supreme Court. While he does not provide a copy of the brief he submitted to the Appellate Division on PCR appeal, in the opinion denying his petition, the court states that he only raised one argument: "Mr. Rivero is entitled to an evidentiary hearing on his claim that his attorney rendered ineffective assistance of counsel for failing to present an expert witness on the effects of intoxication." *State v. Rivero*, No. A-5562-14T1, 2017 WL 4051733, at *2 (N.J. Super. Ct. App. Div. Sept. 14, 2017). In his petition for certification to the New Jersey Supreme Court, he relied on the issues presented to the Appellate Division. (Pet., Appendix H66-70).

5. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir.

2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). The petitioner must afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

6. Federal district courts may not adjudicate mixed petitions, i.e., petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation

3

tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould*, 2011 WL 6756920, at *3. If he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose*, 455 U.S. 509), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See*, *e.g.*, *Carrascosa v. McGuire*, 520 F.3d 249 255 (3d Cir. 2008).

7. Here, at a minimum, Petitioner's jury instruction claim is unexhausted. Exhaustion requires raising a claim to each level of the New Jersey courts and he has acknowledged that he did not file a petition for certification to the New Jersey Supreme Court on direct appeal. Therefore, it cannot be considered exhausted. As also discussed above, it appears that his ineffective assistance of counsel claim may be unexhausted as well. However, since Petitioner has not provided a copy of his brief to the Appellate Division on PCR, the Court cannot be certain. Even if the Court were to assume that Petitioner's ineffective assistance of counsel claim was raised to both the Appellate Division and New Jersey Supreme Court on PCR, the instant Petition would nevertheless be subject to dismissal as mixed because his first claim is unexhausted.[1]

8. Based on the foregoing, the Court will dismiss the Petition without prejudice as mixed and/or unexhausted.[2] However, the Court will retain jurisdiction for 30 days and permit Petitioner

---

[1] Whether the second claim is also exhausted is only relevant if Petitioner wishes to delete his first claim and proceed solely on his second claim; he would have no claims to proceed upon if both are unexhausted.

[2] Petitioner has not sought a stay of this matter to exhaust his claims and the statute of limitations does not appear to be an issue. Petitioner's conviction became final on August 24, 2014, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also Smith v. Holmes*, No. 13-1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) (conviction of state prisoner becomes final twenty days after entry of judgment in Appellate Division where petitioner does not file petition for certification in the New Jersey Supreme Court), which occurred twenty days after the Appellate Division affirmed Petitioner's sentence. *See* N.J. Court Rule 2:12-3 (notice of petition for certification must be filed within twenty days of the entry of a final judgment of the Appellate Division). Petitioner filed his PCR

to show cause why the Petition should not be dismissed as mixed and/or unexhausted. To the extent Petitioner can show that his second claim is in fact exhausted and he wishes to delete his first claim and proceed only on that ground, he should so specify. Finally, to the extent the Petitioner has concerns about the running of the statute of limitations period, and he can otherwise meet the requirements of *Rhines* as outlined above, he may file a motion to stay the Petition.

9. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as mixed and/or unexhausted is correct.

10. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

petition on September 18, 2014, after only approximately one month had run off his limitations period. The New Jersey Supreme Court denied Petitioner's petition for certification on PCR on February 28, 2018 and therefore, as of today's date, it appears that Petitioner still has over six months remaining on his one-year statute of limitations period.