Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO C. RIVERO,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK NOGAN & THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br><br>    Respondents. | Civil Action No. 18-9105 (ES) |
| JULIO C. RIVERO,<br><br>    Petitioner,<br><br>v.<br><br>KEISHA FISHER & THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br><br>    Respondents. | Civil Action No.: 23-2984 (ES)<br><br>OPINION |

SALAS, DISTRICT JUDGE

Before the Court are the Court's April 8, 2024 Order, (D.E. No. 14 ("Order to Show Cause")), directing *pro se* Petitioner Julio C. Rivero to show cause as to why this Court should not dismiss his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. No. 7 ("Amended Petition" or "Am. Pet.")) and Petitioner's response to the Order to Show Cause. (D.E. No. 15 ("Response" or "Resp.")). Furthermore, Petitioner commenced a prior habeas action ("No. 18-9105 Action"), and the Court stayed the habeas petition (Civ. No. 18-9105, D.E. No. 1 ("No. 18-

9105 Petition" or "No. 18-9105 Pet.") he filed in the No. 18-9105 Action.  (Civ. No. 18-9105, D.E. No. 7 ("September 20, 2018 Order" or "Sept. 20, 2018 Order")).  For the reasons that follow, the Court concludes that dismissal of Petitioner's Amended Petition without an answer and the record is not warranted.  Accordingly, the Court consolidates the instant matter with the No. 18-9105 Action, reopens the No. 18-9105 Action, lifts the stay of the No. 18-9105 Action, and directs Respondents to file an answer to the two pending claims for relief (that shall address the "relation back" issue identified in this Opinion) and the state court record.

## I.    BACKGROUND

In 2012, a jury convicted Petitioner on several charges, including first-degree carjacking and first-degree robbery, under New Jersey law.  *State v. Rivero*, No. A-1127-19, 2022 WL 727337, at *1 (N.J. Super. Ct. App. Div. Mar. 11, 2022) (per curiam).  He was sentenced to a twenty-year term of imprisonment.  *Id.*  The New Jersey Superior Court, Appellate Division ("New Jersey Appellate Division") affirmed Petitioner's convictions and sentence on August 4, 2014.  *State v. Rivero*, No. A-4179-11T1, 2014 WL 3798712, at *3 (N.J. Super. Ct. App. Div. Aug. 4, 2014) (per curiam).

In an August 5, 2014 letter, the New Jersey Office of the Public Defender ("OPD") notified Petitioner that it would not provide counsel to file a petition for certification with the New Jersey Supreme Court.  *Rivero*, 2022 WL 727337, at *1; (Civ. No. 18-9105, D.E. No. 6 ("August 5, 2014 Letter" or "Aug. 5, 2014 Letter") at 3).  According to the public defender, the OPD was obligated to represent him on one appeal to the New Jersey Appellate Division and then, if that appeal was not successful, the office would have to decide whether there was any legal merit to a further appeal.  (Aug. 5, 2014 Letter at 3).  The public defender saw no chance that the New Jersey Supreme Court or the federal courts would grant any relief in Petitioner's matter and advised

Petitioner that he was free to pursue the matter *pro se*. (*Id.*). He was informed that, "[i]f you did that, you would have to file on your own a notice of petition for certification with the NJ Supreme Court within 20 days of the Appellate Division decision and then a petition for certification with the NJ Supreme Court ten days later." (*Id.*). "You also could file for post-conviction relief, as specified by the court rules. Please be aware that if you intend to do a pro se habeas corpus petition in the federal courts, the one-year deadline of the most recent habeas reform statutes would also apply to you." (*Id.*).

Petitioner did not file a petition for certification from the New Jersey Appellate Division's decision affirming his convictions and sentence.

On September 18, 2014, Petitioner filed his first petition for post-conviction relief ("PCR"), which the PCR trial court denied without an evidentiary hearing. *Rivero*, 2022 WL 727337, at *1. The New Jersey Appellate Division affirmed the denial of the first PCR petition on September 14, 2017. *State v. Rivero*, No. A-5562-14T1, 2017 WL 4051733, at *1 (N.J. Super. Ct. App. Div. Sept. 14, 2017) (per curiam). Petitioner filed a petition for certification, but the New Jersey Supreme Court denied it on February 28, 2018. *State v. Rivero*, 179 A.3d 1057 (N.J. 2018) (unpublished table decision).

On May 6, 2018,[1] Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, *Rivero v. Nogan*, Civ. No. 18-9105. (Civ. No. 18-9105, D.E. No. 1). In his No. 18-9105 Petition, Petitioner raised two claims or grounds for relief:

> The jury instruction on the defense of intoxication deviates from the model charge, and, in doing so, it contradicts itself regarding the assignment of defense. Petitioner was thus deprived of due process of law and a fair trial in violation of his Sixth and Fourteenth Amendment rights under the U.S. Constitution[.]

---

[1] *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

> The failure of counsel to obtain an expert on the issue of intoxication breached the duty of legal representation required under the United States Constitution, Amendment VI.

(*Id.* at 22–23).

On July 3, 2018, the Court dismissed the No. 18-9105 Petition without prejudice. (Civ. No. 18-9105, D.E. No. 4 ("July 3, 2018 Order") at 1). However, it retained jurisdiction for thirty days to permit Petitioner to show cause why the No. 18-9105 Petition should not be dismissed as mixed and/or unexhausted. (*Id.*) In its accompanying opinion ("July 3, 2018 Opinion"), the Court explained that it may not grant habeas relief under § 2254 unless the petitioner has exhausted available state court remedies or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *Rivero v. Nogan*, No. 18-9105, 2018 WL 324293, at *1 (D.N.J. July 3, 2018). Noting that the exhaustion doctrine requires a petitioner to have fairly presented each federal ground to all three levels of the New Jersey courts (the Law Division, the Appellate Division, and the New Jersey Supreme Court), it concluded that, at a minimum, the jury instruction claim ("Ground One of the No. 18-9105 Petition") was unexhausted because it was undisputed that it was not raised to the New Jersey Supreme Court. *Id.* at *1–2. With respect to his ineffectiveness claim ("Ground Two of the No. 18-9105 Petition"), the Court found that it was unclear whether Petitioner raised that claim before each level of the state courts. *Id.* Accordingly, "at a minimum, Petitioner's jury instruction claim [was] unexhausted," and, "[s]ince Petitioner has not provided a copy of his brief to the Appellate Division on PCR, the Court cannot be certain" whether Ground Two was unexhausted. *Id.* at *2. Therefore, even if the second claim was exhausted, the first claim was unexhausted, and the No. 18-9105 Petition constituted a mixed petition (i.e., a petition containing both exhausted and unexhausted claims) subject to possible dismissal because federal district courts may not adjudicate mixed petitions. *Id.*

Furthermore, the Court indicated that, "to the extent the Petitioner has concerns about the running of the statute of limitations period, and he can otherwise meet the requirements of *Rhines* . . . he may file a motion to stay the Petition." *Id.* (discussing *Rhines v. Weber*, 544 U.S. 273 (2005)) (stating that district courts should stay the federal petition where it determines that the petitioner had good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics). In a footnote, it noted that the statute of limitations "does not appear to be an issue" because Petitioner's conviction became final on August 24, 2014 (twenty days after the New Jersey Appellate Division affirmed the conviction), Petitioner filed his PCR petition on September 18, 2014, after only "approximately one month" had run on the limitations period, and the New Jersey Supreme Court denied Petitioner's petition for certification on February 28, 2018. *Id.* at *2 n.2. Accordingly, "as of [July 3, 2018,] [i]t appear[ed] that Petitioner still ha[d] over six months remaining on his one-year statute of limitations period." *Id.*

In response to the Court's July 3, 2018 Order, Petitioner filed two letters and attached exhibits, including the OPD's August 5, 2014 Letter, "demonstrating why he was unable to exhaust his jury instruction claim in state court." (Sept. 20, 2018 Order at 6) (citing Civ. No. 18-9105, D.E. Nos. 5–6). Relying on the OPD correspondence, Petitioner asserted that his public defender informed him that his office's services were at an end and that Petitioner "had to submit a Post-Conviction Relief petition (PCR) if [he] wanted to pursue [his] appeal" (and that he subsequently filled out the PCR form and submitted the completed form to the OPD, which handled the PCR proceeding). (No, 18-9105, D.E. No. 5 ("July 17, 2019 Letter") at 1).

In a letter dated July 30, 2018, the public defender who represented Petitioner on direct appeal to the New Jersey Appellate Division and signed the August 5, 2014 Letter responded to

5

Petitioner's request "for our office to file an out-of-time petition for certification in your case." (D.E. No. 15 ("July 30, 2018 Letter") at 9). In addition to quoting verbatim from his 2014 correspondence, counsel stated that the OPD would not file a petition for certification for the same reason he articulated in the prior letter, namely that he saw no merit in proceeding further in Petitioner's case, but that Petitioner could choose to represent himself *pro se* in a petition for certification if he wished. (*Id.* at 9–10).

The public defender sent Petitioner a third letter, dated August 23, 2018, stating: "I once again got your letter asking for our office to file an out-of-time petition for certification in your case" but that "[w]e will not do that for the same reasons that I have previously stated to you." (D.E. No. 15 ("August 23, 2018 Letter" or "Aug. 23, 2018 Letter") at 11). He emphasized that it is the OPD attorney (and not the defendant) who makes the determination as to whether a case is "certification worthy or not" and reiterated that, if the public defender finds no merit in filing a petition for certification and the defendant disagrees, the defendant may file a *pro se* application to the New Jersey Supreme Court. (*Id.*).

On September 20, 2018, the Court entered an order staying the No. 18-9105 Petition. (Sept. 20, 2018 Order at 6). According to the Court, Petitioner satisfied the requirements for a stay under *Rhines* while he exhausted his jury instruction claim in the state courts because there was good cause for his failure to exhaust, his unexhausted claim was potentially meritorious, and there was no indication that the Petitioner had engaged in intentionally dilatory litigation tactics. (*Id.*). The Court found Petitioner's explanation that he was unaware that he had to first exhaust his claims in the New Jersey Supreme Court to be "justifiable" because "[t]he [July 3, 2018 L]etter's ambiguous wording could suggest that Petitioner's filing a petition for certification in the New Jersey Supreme Court was an optional step that would potentially have no bearing on any subsequent filings in any

other tribunal." (*Id.* at 5). "Moreover, Petitioner's prompt filing of a post-conviction relief petition after receipt of the public defender's letter demonstrates his diligence in pursuing the state remedies available to him." *(Id.)*. The Court further determined that, "[w]hile Petitioner does not provide a copy of his brief to the Appellate Division on PCR, it appears that the state court addressed the ineffective assistance of counsel claim such that for purposes of this opinion, the Court will construe that claim as exhausted." (*Id.* at 4).

The Court ordered Petitioner to file a motion to reopen the No. 18-9105 Action within thirty days after exhaustion of his claims. (*Id.*). The September 20, 2018 Order also stated that, if Petitioner should fail to comply with that deadline, the Court may vacate the Order nunc pro tunc and dismiss all unexhausted claims without further notice. (*Id.*).

Petitioner filed a letter dated December 17, 2018 with this Court inquiring whether it "can and is willing to facilitate the [New Jersey] Supreme Court's understanding of my case status to permit my due process pursuit for post-conviction relief." (Civ. No. 18-9105, D.E. No. 8 ("December 17, 2018 Letter" or "Dec. 17, 2018 Letter")) at 1). He attached several exhibits to this letter, including correspondence from the New Jersey Supreme Court Clerk's Office dated December 6, 2018 responding to his "'Notice of Motion for Leave to File Notice of Petition for Certification,' dated October 1, 2018 and received in the Supreme Court's Office, on October 11, 2018." (Civ. No. 18-9105, D.E. No. 8-3 ("December 6, 2018 Letter" or "Dec. 6, 2018 Letter")) at 1). According to the New Jersey Supreme Court's Clerk's Office, Petitioner was previously represented by a public defender, who filed a notice of petition for certification regarding the same "Appellate Court matter" (i.e., the New Jersey Appellate Division decision affirming the denial of the first PCR petition), which was denied on February 28, 2018. (*Id.*). The Clerk's Office advised that, because he could not file multiple petitions for certification seeking relief from the same

Appellate Division judgment, Petitioner's case "remain[ed] closed as a result of the February 28, 2018 order, and the [New Jersey Supreme] Court [would] be taking no action on [his] papers." (*Id.*).

On February 20, 2019, Petitioner filed a second PCR petition, claiming that the OPD provided ineffective assistance of counsel in 2014 when it refused to file a petition for certification following the New Jersey Appellate Division's decision affirming his conviction and sentence. *Rivero*, 2022 WL 727337, at \*2. Petitioner also requested assignment of a public defender, which was denied. *Id.* Having received no adjudication on its merits after three months had passed from the filing of his petition, Petitioner moved for leave to appeal on June 3, 2019, which was denied by the New Jersey Appellate Division on September 25, 2019. *Id.* at \*2 n.1.

On October 4, 2019, the PCR trial court dismissed the second PCR petition pursuant to New Jersey Court Rule 3:22-6(b) (which states that, upon the filing of a second or subsequent petition, the matter shall be assigned to the OPD only upon showing of good cause that exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and the second or subsequent petition alleges on its face a basis to preclude dismissal under New Jersey Court Rule 3:22-4). *Rivero*, 2022 WL 727337, at \*2. According to the PCR trial court, the OPD was not obligated to file a petition for certification following the New Jersey Appellate Division's affirmance of Petitioner's conviction on direct appeal. *Id.* "Therefore . . . the second PCR petition did not state a cognizable claim because it is not ineffective assistance of counsel to refuse to provide representation the OPD has no obligation to provide." *Id.*

Petitioner appealed to the New Jersey Appellate Division, raising the following points: (i) pursuant to New Jersey Court Rule 3:8-3 and the doctrine of exhaustion governing appeals and PCR petitions, the assistant public defender erred by not filing a petition for certification on direct

appeal; (ii) the PCR court erred in determining that Petitioner was not entitled to be represented by the OPD; and (iii) good cause existed for filing a second PCR petition. *Rivero*, 2022 WL 727337, at *2–3. Petitioner argued that "he 'was not filing a second PCR petition' but instead, he 'moved for adherence to [the] [r]ules of [c]ourt so that he could legally preserve issues for filing in the federal courts should that be needed.'" *Id.* at *3 (alterations in original). Petitioner further argued that he would have had "'four' meritorious issues to raise in his PCR petition" if his counsel had filed a petition for certification on direct appeal. *Id.*

The New Jersey Appellate Division affirmed the PCR court's dismissal of the second PCR petition on March 11, 2022. *Id.* at *5. It concluded that the petition was barred under New Jersey Court Rule 3:22-4(b)(1) and was untimely under New Jersey Court Rule 3:22-12(a)(2). *Rivero*, 2022 WL 727337, at *5. According to the New Jersey Appellate Division, Petitioner failed to present sufficient evidence supporting his assertion that there was a reasonable probability of success on the merits or to establish a prima facie ineffectiveness claim. *Id.* The New Jersey Appellate Division specifically determined that the public defender complied with his obligations under New Jersey Court Rule 3:8-3(c) (which states that, when the public defender cannot certify that a petition for certification presents a substantial question and is filed in good faith, the OPD shall not file a petition but shall notify defendant of this decision in writing and offer copies of relevant briefs, transcripts, and other documents). *Id.* Furthermore, it rejected Petitioner's contention that he should have been assigned OPD counsel for his second PCR petition. *Id.* Finally, to the extent any other arguments were not addressed in the opinion, it explained that such arguments lacked sufficient merit to warrant discussion. *Id.* (citing N.J. Ct. R. 2:11-3(e)(2)).

Petitioner filed a petition for certification requesting relief from the New Jersey Appellate Division's ruling on his second PCR proceeding, which the New Jersey Supreme Court denied on January 27, 2023. *State v. Rivero*, 288 A.3d 452 (N.J. 2023) (unpublished table decision).

On May 31, 2023, Petitioner commenced the instant matter by filing a petition for writ of habeas corpus. (D.E. No. 1 ("No. 23-2984 Petition")). On July 26, 2023, Petitioner submitted an Amended Petition, which is the operative pleading in the case. (D.E. No. 7). The Amended Petition contains four claims (recited herein verbatim):

> The Public Defender denies defendant's Fourteenth Amendment rights to the Due Process Clause and the Equal Protection Clause and is no longer able to litigate.
>
> The trial prosecutor presented unproven statements as fact to the jury while the court wrongfully supported the prosecutor's violation of the rules regarding the charge of robbery.
>
> Police detectives violated the Code of Professional Conduct for Interpreters, Translators and Transliterators.
>
> Defense counsel did not call the medical expert who could have testified regarding facts relating to defendant's mental status relevant to mitigating fact N.J.S.A. 26:11-3c(5)(a).

(Am. Pet. at 5, 9–10 & 13).

In an order entered on October 19, 2023, the Court determined that most of the claims were unexhausted and directed the Petitioner to delete the unexhausted claims or move to stay this matter and hold it in abeyance under *Rhines*. (D.E. No. 11 ("October 19, 2023 Order" or "Oct. 19, 2023 Order") at 1 & 3). Specifically, the Court noted that, "[w]hile it appears that Petitioner has exhausted Ground One, Petitioner concedes that he failed to raise Grounds Two through Four of the Amended Petition on direct appeal, in a post-conviction motion, or in a petition for habeas corpus in state court." (*Id.* at 2) (citing Am. Pet. at 7–12). In a letter dated November 15, 2023, Petitioner elected to delete his three unexhausted grounds. (D.E. No. 13).

In the April 8, 2024 Order to Show Cause, the Court deemed the unexhausted claims withdrawn and stated that the only claim before the Court was Ground One of the Amended Petition, i.e., Petitioner's claim that "the 'Public Defender denie[d] [Petitioner's] Fourteenth Amendment right to Due Process [ ] and [ ] Equal Protection' by refusing to submit a petition for certification following the Appellate Division's decision affirming Petitioner's convictions and sentences." (Order to Show Cause at 3) (alterations in original) (citing Am. Pet. at 5). The Court further noted that it appeared the one-year limitations period began to run for Ground One of the Amended Petition on August 26, 2014, after the twenty-day period to seek certification from the New Jersey Supreme Court expired, *see* 28 U.S.C. § 2244(d)(1)(A); N.J. Ct. R. 2:12-3(a), or shortly thereafter, *see id.* § 2244(d)(1)(D). (Order to Show Cause at 7–8). For purpose of the Order to Show Cause, and giving Petitioner the benefit of the doubt, the Court assumed without deciding that Petitioner did not discover the factual predicate of Ground One until after he filed his first PCR petition. (*Id.* at 8 n.1). But it appeared that "Petitioner should have discovered the factual predicate of this claim through the exercise of reasonable diligence no later than the end of the pendency of the first PCR petition almost three years later." (*Id.*). While the statute of limitations did not run between September 18, 2014 and February 28, 2018, during the pendency of Petitioner's first PCR petition, 28 U.S.C. § 2244(d)(2); N.J. Ct. R. 3:22-12(a)(1), "Petitioner's filing of a petition for writ of habeas corpus with this Court on May 9, 2018 did not toll the statute of limitations." (Order to Show Cause at 8) (citing *Rhines*, 544 U.S. at 274–75). Moreover, Petitioner's filing of the second PCR petition did not toll the statute of limitations because it was untimely. (*Id.*) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Rivero*, 2022 WL 727337, at *4–5). Because the one-year limitations period expired well before Petitioner filed the No. 23-

2984 Petition, the Court concluded that the statute of limitations would bar Ground One unless equitable considerations applied.  (*Id.*) (citing *Holland v. Florida*, 560 U.S. 631, 649–50 (2010)).

The Court discerned no reason justifying equitable tolling in Petitioner's submissions, which failed to explain why his limited command of the English language caused his inability to file the No. 23-2984 Petition in a timely fashion.  (*Id.* at 8–9).  Plaintiff further failed to allege or explain how he exercised reasonable diligence in bringing the claim notwithstanding his limited command of the English language.  (*Id.* at 9).  However, given his *pro se* status, the Court provided Petitioner another opportunity to address these issues and set forth any other basis he may have for equitable tolling.  (*Id.*).

Petitioner responded to the Order to Show Cause on May 15, 2024.  (D.E. No. 15).  He asks that this Court "finds satisfaction with the level of effort and diligence exercised in his pursuit of post-conviction relief and his petition for habeas corpus."  (Resp. at 3).

## II.    STANDARDS OF REVIEW

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d) and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

12

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

An evaluation of the timeliness of a petition pursuant to § 2244(d)(1)(A) generally requires three determinations. *First*, a habeas court must determine when the pertinent judgment became "final." A judgment is final at the conclusion of direct review or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

*Second*, a habeas court must determine the period during which an application for state post-conviction relief was "properly filed" and "pending." A "properly filed" application is one that was accepted for filing by the appropriate court officer and was filed within the time limits prescribed by the relevant jurisdiction. *Pace*, 544 U.S. at 413. Accordingly, an application for state post-conviction relief does not toll the statute of limitations if it is untimely under state law. *See id.* In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition. *See* N.J. Ct. R. 3:22-12(a). A properly filed application is "pending" until it has achieved final resolution through the state's post-conviction proceedings, including the interval between a lower court's entry of judgment and the timely filing of a notice of appeal or petition for review in the next court. *Carey v. Saffold*, 536 U.S. 214, 220–21 (2002). However, if a petitioner does not seek certiorari regarding his PCR petition from the United States

Supreme Court, the ninety-day period for which he could have done so does not count as "pending." *See Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001). Moreover, in the case of an untimely notice of appeal that an appellate court nonetheless considers, an application is not pending between the expiration of the time to file that appeal and the untimely filing. *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 271–72 (3d Cir. 2022); *Bilal v. Att'y Gen. of the State of N.J.*, No. 15-1765, 2017 WL 1243143, at *2 (D.N.J. Feb. 10, 2017).

Unlike a properly filed petition for state post-conviction relief, a timely filed federal habeas petition does not toll the statute of limitations. *See Rhines*, 544 U.S. at 274–75. However, a new claim may receive the benefit of the timely filing of an earlier claim where it "relates back" to that earlier claim. *See Mayle v. Felix*, 545 U.S. 644, 656–57 (2005). A claim will only relate back where it arises from the same core of operative facts as a previously raised claim. *See id.*

*Third*, a habeas court must determine whether the matter warrants equitable tolling. In *Holland*, the Supreme Court held that the AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. *Holland*, 560 U.S. at 649–50; *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that

the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.  *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling.  "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.  *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).  Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  *LaCava*, 398 F.3d at 275–276 (internal quotation marks and citation omitted); *see also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only where: (i) the respondent has actively misled the petitioner; (ii) the petitioner has in some extraordinary way been prevented from asserting his rights; (iii) the petitioner has timely asserted his rights mistakenly in the wrong forum; or (iv) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must

15

be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

## III.    DISCUSSION

As the Court noted in its Order to Show Cause, "the one-year limitations period began to run for Ground One of the Amended Petition on August 26, 2014, after the twenty-day period to seek certification from the New Jersey Supreme Court expired, *see* 28 U.S.C. § 2244(d)(1)(A); N.J. Ct. R. 2:12-3(a), or shortly thereafter, *see id.* § 2244(d)(1)(D)." (Order to Show Cause at 7–8). The Court thereby, for purposes of this Opinion, again "gives Petitioner the benefit of the doubt and assumes without deciding that Petitioner did not discover the factual predicate of the claim until after he filed his first PCR petition" but "should have discovered the factual predicate of this claim through the exercise of reasonable diligence no later than the end of the pendency of Petitioner's first PCR petition almost three years later." (*Id.* at 8 n.1). As a result, neither the filing of the No. 18-9105 Petition with this Court nor his filing of the untimely second PCR petition statutorily tolled the statute of limitations. (*Id.* at 8) (citing *Pace*, 544 U.S. at 413; *Rhines*, 544 U.S. at 274–75; *Rivero*, 2022 WL 727337, at *4–5).

Because the New Jersey Supreme Court denied the petition for certification regarding his first PCR petition on February 28, 2018, the one-year statute of limitations expired no later than February 28, 2019. Petitioner filed his No. 23-2984 Petition on or about May 31, 2023, over four years later. Accordingly, unless Petitioner establishes that this matter warrants equitable tolling

16

or shows that Ground One of the Amended Petition "relates back" to a habeas claim that was properly filed within the applicable limitations period, the statute of limitations bars Ground One.[2]

### A.    Equitable Tolling

In his response to the Order to Show Cause, Petitioner requests equitable tolling based on his efforts to obtain OPD representation, the OPD correspondence regarding the filing of a petition for certification with the New Jersey Supreme Court, and an OPD letter dated March 9, 2018 (following the New Jersey Supreme Court's denial of certification regarding his first PCR petition) informing Petitioner that he needed to pursue his case in the federal district court.  (Resp. at 1–2).  Petitioner also indicates that the public defender in his first PCR proceeding "inexplicably presented only one point of two in the Petition for Certification to the NJ Supreme Court."  (*Id.* at 2).  He states that he "wrongly filed" the No. 18-9105 Petition, resulting in an exchange of letters between the Court and Petitioner and the Court's footnote in the July 3, 2018 Order stating that he still had over six months remaining on his one-year statute of limitations.  (*Id.*).

According to Petitioner, he then elected to withdraw his No. 18-9105 Petition, pursue exhaustion of all issues in state courts, and "[t]he first paragraph of Ex 10 cites his work and delays beyond his control."  (*Id.* at 2).  He refers to a paragraph from the brief he filed with the New Jersey Appellate Division describing the steps he took to pursue the second PCR petition and obtain the appointment of a public defender.  (*Id.* at 14).  In both his Response and the appellate brief, Petitioner claims he did not receive state court filing notices dated September 5, 2019, because he developed an undiagnosed malady requiring admission to the prison infirmary and was

---

[2]    As the Court noted in the Order to Show Cause, actual innocence may also act as a "gateway" to overcome the expiration of the limitations period.  (Order to Show Cause at 7) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  However, Petitioner has not attempted to meet the heavy burden necessary to satisfy this gateway, and the Court's review of the available documents does not indicate he has a tenable claim of actual innocence.  (*See id.*) ("However, 'tenable actual innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."'" (quoting *McQuiggin*, 569 U.S. at 386)).

admitted to a hospital for dialysis treatment.  (*Id.* at 2 & 14).  He was then transferred to the South Woods State Prison medical facility for continued chronic care (where he remains as of the date of his Response), and his physical recovery and social re-integration have been arduous and time-consuming.  (*Id.* at 2–3).  However, with the assistance of another inmate who was released during that time, he purportedly continued his efforts to exhaust all his issues in the state courts and to prepare and file a new federal habeas petition.  (*Id.* at 3).

The Court concludes that Petitioner fails to establish the existence of extraordinary circumstances necessary to justify equitable tolling.  He refers to his unsuccessful attempts (described above) to cause the OPD to file a petition for certification with the New Jersey Supreme Court, challenges the public defender's allegedly "inexplicabl[e]" failure to raise two points in the petition for certification seeking relief from the New Jersey Appellate Division's decision affirming the denial of his first PCR petition, and indicates that he "wrongly filed" the No 18-9105 Petition because, "[i]n a letter dated March 9, 2018, the OPD informed Petitioner he needed to pursue his case in the Federal District Court."  (Resp. at 3–4).  However, it is well established that "garden variety" claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.  *Holland*, 560 U.S. at 651 (citations omitted).  Petitioner does not allege that his attorneys misled him by, for instance, falsely indicating that they filed, or would file, a petition seeking New Jersey Supreme Court review on direct appeal, or otherwise prevented him from timely filing a petition for certification.  *See Peterson v. Chetirkin*, No. 21-8176, 2023 WL 2784390, at *4 (D.N.J. Apr. 5, 2023) ("He [the petitioner] does not allege, for example, that counsel misled him by stating that the appeal had been filed.") (citing *Lara v. Chetirkin*, No 21-14076, 2022 WL 970289, at *5 (D.N.J. Mar. 31, 2022); *Barge v. Adm'r of N.J. State Prison*, No. 18-12033, 2022 WL 770132, at *3 (D.N.J. Mar. 14, 2022)), *certification*

*of appealability denied sub nom. Peterson v. Adm'r of E. Jersey State Prison*, No. 22-3453, 2023 WL 4235556 (3d Cir. Apr. 5, 2023), *cert. denied sub nom. Peterson v. Nogan*, 144 S. Ct. 210 (2023).  On the contrary, the public defender who represented Petitioner on direct appeal explicitly informed Petitioner that the OPD would not file a petition for certification on direct appeal because it found that the case was not "certification-worthy" and that, if he disagreed with its assessment, Petitioner could file a *pro se* petition to the New Jersey Supreme Court.  (Aug. 5, 2014 Letter at 3; July 30, 2018 Letter at 9–10; Aug. 23, 2018 Letter at 11).

Plaintiff refers to his filing of his No. 18-9105 Petition and "the exchange of letters between the Court and Petitioner result[ing] in the Court's [July 3, 2018] Order" dismissing this prior petition without prejudice.  (Resp. at 2).  Although Petitioner's No. 18-9105 Petition was timely filed under the AEDPA's statute of limitations, he did not raise Ground One of the Amended Petition in the No. 18-9105 Petition.  *Cf. Brinson*, 398 F.3d at 230 (stating that extraordinary circumstances have been found where petitioner has timely asserted his rights mistakenly in the wrong forum).  As this Court noted in its Order to Show Cause, "Petitioner's filing of a petition for writ of habeas corpus with this Court on May 9, 2018 did not toll the statute of limitations. *Rhines*, 544 U.S. at 274–75."  (May 8, 2024 Order at 8).  Plaintiff likewise does not contend that the Court misled him regarding the applicable statutes of limitations under state or federal law or the steps he needed to take to preserve a claim.  *Cf. Brinson*, 398 F.3d at 230.  On the contrary, he acknowledges that this Court "note[d] how it appears that, on that date, the Petitioner still had over six months remaining on his one-year statute of limitations period."  (Resp. at 2) (citing *Rivero*, 2018 WL 3242293, at *2 n.2).  He thereby was on notice that approximately one-half of the one-year statute of limitations period had "run off" as of July 3, 2018.  *Rivero*, 2018 WL 3242293, at *2 n.2.

The Court likewise concludes that Petitioner's medical condition and treatment do not constitute extraordinary circumstances under the equitable tolling doctrine. "[A] medical condition may be 'extraordinary' and warrant equitable tolling." *Sexton v. N.J. Dep't of Corr.*, No. 21-20404, 2024 WL 4615763, at *6 (D.N.J. Oct. 30, 2024) (citations omitted). But Petitioner's conclusory assertions are insufficient to satisfy the "high" threshold applicable to equitable tolling claims on such grounds. *Id.* (quoting *Taylor v. Comput. Scis. Corp.*, No. 20-1848, 2022 WL 2046887, at *3 (D.N.J. June 6, 2022)). In fact, despite Petitioner's alleged admission to the prison infirmary, his hospitalization, the subsequent care he received, and the recovery process, he was still able to litigate his second PCR proceeding at "all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court." *Rivero*, 2018 WL 32422293, at *1 (citations omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 121 (3d Cir. 2010) ("In fact, Alicia filed his habeas petition two weeks before his rotator cuff surgery, during the time the alleged impairment supposedly prevented an earlier filing. This fact contravenes Alicia's argument that he was incapacitated and could not timely file."); *Sexton*, 2024 WL 4615763, at *6 ("Even accepting as true the fact that Plaintiff was hospitalized between February and March 2019, the TAC and accompanying exhibits indicate that Plaintiff was actively filing charges and sending letters to the EEOC throughout the statute of limitations period despite the two months she was hospitalized.").

In addition, even if Petitioner could establish the existence of extraordinary circumstances, he fails to meet the reasonable diligence requirement. "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown*, 322

F.3d at 773 (quoting *Valverde*, 224 F.3d at 134).   The New Jersey Supreme Court denied his petition for certification seeking relief from the New Jersey Appellate Division's decision affirming the dismissal of this second PCR petition on January 27, 2023.   *See Rivero*, 288 A.3d 452.   Although Petitioner claims to have "used the time" during the pendency of his state court proceeding to "start preparing a new Petition for Habeas Corpus," (Resp. at 3), he did not file the Petition in this matter until May 31, 2023, more than four months after the termination of his state court proceeding.   Accordingly, Plaintiff's actions have not satisfied the reasonable diligence requirement.

For the foregoing reasons, the Court has no basis to grant Petitioner equitable tolling, and his Amended Petition must be dismissed as untimely unless it "relates back" to a timely habeas petition.

### B.    "Relation Back"

As the Court has noted, the filing of a federal habeas petition does not toll the limitations period.   *See Rhines*, 544 U.S. at 274–75.   However, "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (alteration in original) (quoting Fed. R. Civ. Pro. 15(c)).   In *Mayle*, the Supreme Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."   *Id.* at 659.

As set forth in the Order to Show Cause, the Court dismissed the No. 18-9105 Petition without prejudice on July 3, 2018 for failure to exhaust state remedies on one of the grounds (the jury instruction claim).   (Order to Show Cause at 2).   In his Response, Petitioner likewise stated that he "elected to withdraw the habeas petition and pursue exhaustion of all issues."   (Resp. at 2).

A petition dismissed without prejudice is typically treated as if it never existed, and accordingly "[a] subsequent petition cannot relate back to a prior petition that was dismissed 'because there [is] nothing for [the] [ ] petition to relate back to.'" *Jones v. United States*, No. 22-4178, 2023 WL 3580902, at *2 n.1 (D.N.J. May 22, 2023) (quoting *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (alterations in original)).

However, the July 3, 2018 Order further stated that "the Court will retain jurisdiction for 30 days and permit Petitioner to show cause why the [No. 18-9105 Petition] should not be dismissed as mixed and/or unexhausted", (July 3, 2018 Order at 1), and Petitioner subsequently submitted correspondence and exhibits demonstrating why he was unable to exhaust his jury instruction claim in state court.  (*See* July 17, 2019 Letter).  Accordingly, this Court, in its September 20, 2018 Order, stayed the No. 18-9105 Petition and directed the Petitioner to return to this Court by filing a motion to reopen within 30 days after exhaustion of the jury instruction claim to the extent he had not already done so.  (Sept. 20, 2018 Order at 6).  The Court also stated that "it appears that the state court addressed the ineffective assistance of counsel claim [Ground Two of the No. 18-9105 Petition] such that for purposes of this opinion, this Court will construe that claim as exhausted."  (*Id.* at 4).

Although not mentioned in either this Court's prior opinion and orders, or in the Petitioner's filing in this instant matter, Petitioner's May 6, 2018 habeas petition in the No. 18-9105 Action remains stayed.  Petitioner does not raise the unexhausted jury instruction claim advanced in his No. 18-9105 Petition in his Amended Petition, and the Court deems that ground to be withdrawn.  In turn, his No. 18-9105 Petition was timely filed, and it appears that, for purposes of the present Opinion, Ground Two of the No. 18-9105 Petition has been exhausted. *Rivero*, 2018 WL 3242993, at *2 n.2; (Sept. 20, 2018 Order at 4).  The Court therefore reopens the

No. 18-9105 Action, lifts the stay of the No. 18-9105 Petition, and consolidates the prior action with the instant matter.

As to the Amended Petition, the Court construes this filing as an amendment to the (reopened and consolidated) No. 18-9105 Petition.  As this Court noted in the Order to Show Cause, three of the Amended Petition's four claims were deemed withdrawn.  (Order to Show Cause at 3).  Accordingly, the only claims before the Court are Ground Two of the No. 18-9105 Petition and Ground One of the Amended Petition.  In accordance with Rule 4 of the Rules Governing Section 2254 Cases, this Court has screened the two claims and concluded dismissal without an answer and the record is not warranted.  Specifically, if the Amended Petition "relates back" to the timely No. 18-9105 Petition, the amendment satisfies the statute of limitations; if it does not "relate back" to the timely filing, the amendment must be dismissed under the statute of limitations because there are no grounds for tolling.  The Court concludes that full briefing and the record would be helpful in deciding this issue.

## IV.   CONCLUSION

For the reasons stated above, the Court concludes that dismissal of Petitioner's Amended Petition without an answer and the state court record is not warranted.  Accordingly, it consolidates the No. 18-9105 Action with the instant matter, reopens the No. 18-9105 Action, lifts the stay of the No. 18-9105 Petition, and directs Respondents to file an answer to the two pending claims for relief, which shall address the "relation back" issue identified in this Opinion, and the state court record.  An appropriate order follows.

**Dated:  May 27, 2025**

s/ Esther Salas
**Esther Salas, U.S.D.J.**
